**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHIRRON GAYLES-ZANDERS,<br>Petitioner,<br>v.<br>WILLIAM REUBART,<br>Respondent. | Case No. 2:25-cv-02325-GMN-EJY<br>**ORDER** |

Petitioner Shirron Gayles-Zanders commenced this federal habeas action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 5 ("Petition").) The Court appointed the Federal Public Defender for the District of Nevada ("FPD") to represent Gayles-Zanders. (ECF No. 3.) Counsel filed an unopposed Motion for Stay and Abeyance to allow Gayles-Zanders to continue litigating her post-conviction case in state court, and the Court granted the Motion. (ECF Nos. 12, 14.) Gayles-Zanders filed a Motion Requesting Substitute Federal Counsel. (ECF No. 16.) The FPD filed a response, and based on the FPD's response, the Court denied Gayles-Zanders's Motion. (ECF Nos. 18, 19.) Gayles-Zanders then filed a Motion to Dismiss Counsel. (ECF No. 22.) Given Gayles-Zanders's request to represent herself, the Court granted Gayles-Zanders's request to remove the FPD. (ECF No. 25.)

Presently before the Court is Gayles-Zanders's *pro se* Motion to Lift Stay to Amend Initial Motion to Remove Case from State Court, Motion Requesting Leave to Receive Status on Lift of Stay, Motion Requesting O.R./Bail Release, Motion to Remove Case from State to Federal Court, Motion to Compel, Motion to Compel a Free Full Copy of Each ECF, Motion for Status, Motion for Leave to Add Affidavits, Motion for Release on Own Recognizance or Bail, Motion

Requesting Complete Case Docket, Motion Requesting Court Immediate Intervention, Motion to Obtain Status on Electronic Court Filings, and Motion to Correct Information on Request for Status. (ECF Nos. 20, 24, 27, 28, 31, 35, 36, 37, 42, 44, 46, 47, 49.) These Motions were all filed within a two-month period.

First, the Court addresses Gayles-Zanders's requests to reopen this case. Gayles-Zanders was instructed to "make a motion to lift the stay of this action" within 30 days of "the conclusion of [her] state court proceedings." (ECF No. 14 at 2.) Gayles-Zanders's state-court habeas proceedings have yet to conclude. Indeed, it appears that Gayles-Zanders's State Post-Conviction Petition was just denied by the state court on May 27, 2026, and that Gayles-Zanders currently has until September 23, 2026, to file her *pro se*[1] appellate opening brief with the Nevada Supreme Court.[2] *See Shirron Gayles-Zanders v. State of Nevada*, A-24-897418-W; *see also Shirron Jozette Gayles-Zanders v. William Ruebart*, No. 92717. However, given that (1) the stay in this matter was at Gayles-Zanders's request to allow her to exhaust her unexhausted federal claims and (2) Gayles-Zanders appears to have abandoned her desire to pursue exhaustion of these claims, the Court will lift the stay and reopen this action. Notably, Respondent is not precluded from raising exhaustion in a motion to dismiss.

Second, the Court turns to Gayles-Zanders's request to "remove" her case from state court. The comity-based abstention doctrine prevents federal courts from enjoining pending state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971). Accordingly, because this Court

[1] Gayles-Zanders also removed her state post-conviction appellate counsel.

[2] The Court takes judicial notice of the Eighth Judicial District Court and Nevada appellate courts' docket records, which are accessible, respectively, at https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

has no authority to do so, the Court denies Gayles-Zanders's request for this Court to interfere with her state case.

Third, regarding Gayles-Zanders's request for release, Federal Rule of Appellate Procedure 23 "does not appear to contemplate release on bail pending an initial decision in district court." *In re Roe*, 257 F.3d 1077, 1080 n. 2 (9th Cir. 2001). And, even if the Court has the authority to grant such relief, Gayles-Zanders would have to "make the requisite demonstration that this is an 'extraordinary case[ ] involving special circumstances or a high probability of success.'" *Id.* at 1080 (quoting *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989)). Gayles-Zanders does not identify any special circumstance,[3] and, given that there has been no answer filed on the merits of Gayles-Zanders's entitlement to federal habeas relief, the Court is not able to determine at this time whether she has a high probability of success.

Finally, the Court turns to Gayles-Zanders's requests for a status update and requests for copies of documents. The Court grants the former requests and finds that this Order serves as a status update. Regarding the latter requests, an inmate has no constitutional right to free photocopying or to obtain court documents without payment. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). In fact, federal courts do not allow prisoners or any other litigants to accrue copy fees; rather, payment for copy fees is required at the time a request is made. LR IC 1-1(i)(5) (paper copies of filed documents may be obtained from the clerk's office after payment of copying fees). Nothing in federal law, the Federal Rules of Civil Procedure, the Local Rules of Practice, or established case law authorizes federal courts to waive or finance copy fees in habeas cases.

[3] The basis for Gayles-Zanders's motion for release appears to be the loss of her liberty due to the alleged violations of her due process and equal protection rights that occurred during her state criminal proceedings. (ECF Nos. 27, 42.) These are not special circumstances. Rather, these are circumstances that every federal habeas petitioner faces.

LSR 1-6 (stating that *in forma pauperis* status does not waive a party's "responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915," which does not provide for copies). Nonetheless, the Court will direct the Clerk to provide Gayles-Zanders with a one-time courtesy copy of the docket and docket entries.

It is therefore Ordered that the Motion to Lift Stay (ECF No. 20) is granted.

It is further Ordered that the Motion to Remove Case from State to Federal Court (ECF No. 28) is denied.

It is further Ordered that the Motion Requesting Leave to Receive Status on Lift of Stay, Motion for Status, Motion for Court Immediate Intervention, and Motion to Obtain Status on Electronic Court Filings (ECF Nos. 24, 36, 46, 47) are granted. This Order shall serve as a status update.

It is further Ordered that the Motion Requesting O.R./Bail Release and Motion for Release on Own Recognizance or Bail (ECF Nos. 27, 42) are denied.

It is further Ordered that the Motion to Compel, Motion to Compel a Free Full Copy of Each ECF, and Motion Requesting Complete Case Docket (ECF Nos. 31, 35, 44) are granted.

It is further Ordered that the Motion for Leave to Add Affidavits and Motion to Correct Information on Request for Status (ECF Nos. 37, 49) are granted. The Court considers the Affidavits and Correction to be properly filed.

It is further ordered that Respondent has up to and including October 16, 2026, to file his response to the Petition, including potentially by a motion to dismiss. The remainder of the Scheduling Order (ECF No. 8) remains in effect.

It is further kindly Ordered that the Clerk of the Court (1) reopen this matter and lift the stay, and (2) send Gayles-Zanders a copy of the docket sheet and copies of all filings in this matter by regenerating the notices of electronic filing.

Dated: August 14, 2026

Gloria M. Navarro, Judge
United States District Court