**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SHIRRON GAYLES-ZANDERS,

Petitioner,

v.

WILLIAM REUBART,

Respondent.

Case No. 2:25-cv-02325-GMN-EJY

**ORDER**

## I. SUMMARY

Petitioner Shirron Gayles-Zanders commenced this federal habeas action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 5 ("Petition").) The Court appointed the Federal Public Defender for the District of Nevada ("FPD") to represent Gayles-Zanders. (ECF No. 3.) Counsel filed an unopposed Motion for Stay and Abeyance to allow Gayles-Zanders to continue litigating her post-conviction case in state court, and the Court granted the Motion. (ECF Nos. 12, 14.) Gayles-Zanders filed a Motion Requesting Substitute Federal Counsel. (ECF No. 16.) The FPD filed a response, and based on the FPD's response, the Court denied Gayles-Zanders's Motion. (ECF Nos. 18, 19.) Gayles-Zanders then filed a Motion to Dismiss Counsel. (ECF No. 22.) Given Gayles-Zanders's request to represent herself, the Court granted Gayles-Zanders's request to remove the FPD. (ECF No. 25.) At Gayles-Zanders's request, the Court reopened this matter on August 14, 2026, and instructed Respondent to respond to the Petition. (ECF No. 55.) At that time, the Court also ruled on thirteen motions, including denying Gayles-Zanders's request to "remove" her case from state court, denying her request for release from prison, and granting her request for copies of the docket entries in this matter. (*Id.*)

Presently before the Court is Gayles-Zanders's Motion to Check Status, Motion to Request Reconsideration of Federal Habeas Counsel, Motion Requesting Emergency Hearing on Merit of Case, Motion Compelling the Court to Inform FMWCC, Motion to Inform the Court of Notice of Appeal, Motion for Petition for Notice of Removal from State Court to Federal Court Jurisdiction, Motion to Add Exhibits to Notice of Appeal, Motion for Status of Case for Petition for Removal, Motion to Amend Motion for Petition for Notice of Removal, Motion Requesting Appointment of Counsel, and Emergency Motion to Suspend or Extend Appeal Proceedings. (ECF Nos. 51, 54, 56, 60, 62, 63, 71, 72, 73, 74, 77.) These eleven motions were all filed within a 5-week period.

**II. DISCUSSION**

First, the Court grants Gayles-Zanders's request for a status check in this matter, finding that this Order is sufficient to update Gayles-Zanders. (ECF No. 51.) Notably, the Court wishes to inform Gayles-Zanders that it has an extensive docket and is unable to rule on motions immediately after they are briefed. Further, the filing of superfluous motions slows down the Court's ability to rule on the merits of cases. Gayles-Zanders should avoid filing frivolous motions going forward.

Second, the Court denies Gayles-Zanders's requests for reconsideration of its Order denying the appointment of counsel independent of the FPD. (ECF Nos. 54, 74.) On June 10, 2026, the Court denied Gayles-Zanders's request for substitute counsel because there was no breakdown in the attorney-client relationship between Gayles-Zanders and the FPD. (ECF No. 19.) The Court will not appoint alternative counsel for Gayles-Zanders given that she voluntarily chose to dismiss the FPD, indicated her desire to represent herself, and is not entitled to the appointed counsel of her own choosing.

Third, the Court denies Gayles-Zanders's request for a hearing on the merits of this case. (ECF No. 56.) Respondent has yet to file an Answer in this matter, so a hearing on the merits of this case is premature. Moreover, the Court is not inclined to grant oral argument on a case that can readily be decided on the pleadings and the record.

Fourth, the Court grants Gayles-Zanders's request for the Court to compel the law library to provide her full copies of the docket entries in this matter. (ECF No. 60.) The Court previously "direct[ed] the Clerk to provide Gayles-Zanders with a one-time courtesy copy of the docket and docket entries." (ECF No. 55 at 4.) Although the Clerk graciously complied with this instruction, the prison law library has apparently refused to provide Gayles-Zanders with anything other than cover pages.

Fifth, the Court denies as moot Gayles-Zanders's request for the Court to take notice of her appeal, request to add exhibits to her appeal, and request to suspend appeal proceedings. (ECF Nos. 62, 71, 77.) The Court of Appeals for the Ninth Circuit denied Gayles-Zanders's appeal on September 18, 2026, finding that it "lacks jurisdiction because the . . . order challenged in the notice of appeal is not final or immediately appealable." (ECF No. 78.)

Sixth, the Court denies Gayles-Zanders's request to remove this case from state court to federal court.[1] (ECF No. 63.) As this Court already explained in its August 14, 2026, Order, the Court will not interfere with Gayles-Zanders's state case under *Younger v. Harris*, 401 U.S. 37 (1971). Importantly, this federal case has already been reopened, and briefing has been reinstated. Gayles-Zanders is free to dismiss her state proceedings if she desires.[2]

---

[1] Gayles-Zanders moves to amend this Motion. (ECF No. 73.) The Court grants the Motion and considers ECF No. 73 in ruling on ECF No. 63.

[2] The Court does not intend for this statement to be interpreted as Gayles-Zanders being excused from exhausting her state remedies or excused from any other procedural issues that may result due to the dismissal of her state proceedings.

Seventh, in her Motion for Status of Case for Petition for Removal, Gayles-Zanders requests that ECF No. 69 be docketed as an opposition to ECF No. 65. (ECF No. 72.) ECF No. 69 is already docketed as such, so the Court denies the request as moot.

## III. CONCLUSION

It is therefore Ordered that the Motion to Check Status (ECF No. 51) is granted. This Order shall serve as a status update.

It is further Ordered that the Motion to Request Reconsideration of Federal Habeas Counsel and Motion Requesting Appointment of Counsel (ECF Nos. 54, 74) are denied.

It is further Ordered that the Motion Requesting Emergency Hearing on Merit of Case (ECF No. 56) is denied.

It is further Ordered that the Motion Compelling the Court to Inform FMWCC (ECF No. 60) is granted.

It is further Ordered that the Motion to Inform the Court of Notice of Appeal, Motion to Add Exhibits to Notice of Appeal, and Emergency Motion to Suspend or Extend Appeal Proceedings (ECF Nos. 62, 71, 77) are denied as moot.

It is further Ordered that the Motion for Petition for Notice of Removal from State Court to Federal Court Jurisdiction (ECF No. 63) is denied.

It is further Ordered that the Motion for Status of Case for Petition for Removal (ECF No. 72) is denied as moot.

It is further Ordered that the Motion to Amend Motion for Petition for Notice of Removal (ECF No. 73) is granted. ECF No. 63 is considered amended.

It is further Ordered that Respondent has up to and including October 16, 2026, to file his response to the Petition, including potentially by a motion to dismiss.

It is further kindly Ordered that the Clerk of the Court send Gayles-Zanders copies of all filings in this matter by regenerating the notices of electronic filing. The law librarian is Ordered to print these copies out in full for Gayles-Zanders pursuant to Fifth Amended General Order 2012-01, which requires "NDOC staff [to] print the electronic transmission receipt, the hyperlinked order, and other documents filed by the Court."

Dated: September 23, 2026

Gloria M. Navarro, Judge
United States District Court