**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SHIRRON GAYLES-ZANDERS,

Petitioner,

v.

WILLIAM REUBART,

Respondent.

Case No. 2:25-cv-02325-GMN-EJY

**ORDER**

This federal habeas action is before the Court on Petitioner Shirron Gayles-Zanders's Emergency Amended Motion to Suspend or Extend Appeal Proceedings, Motion to Recuse Judge, second Emergency Amended Motion to Suspend or Extend Appeal Proceedings, Motion for Extension of Time, Motion for Temporary Restraining Order, and Motion for Preliminary Injunction.[1] (ECF Nos. 80, 81, 82, 83, 86, 87.) This action is also before the Court on Respondent's Motion for a 32-Day Enlargement of Time to Respond to Gayles-Zanders's Petition. (ECF No. 85.) The Court finds that good cause exists to grant Respondent's Motion and will address Gayles-Zanders's Motions in turn.

First, in her Emergency Amended Motions to Suspend or Extend Appeal Proceedings, Gayles-Zanders requests that the Court suspend this case for 30-days until the "discrepancies of ECF # 71 are fully resolved." (ECF Nos. 80, 82.) Because the Court is currently awaiting Respondent's response to the Petition and because the deadline for the filing of that response is

[1] Gayles-Zanders has filed 28 motions since July 1, 2026, when the Court granted her motion to dismiss the Federal Public Defender. The Court has already warned Gayles-Zanders not to file frivolous motions. (ECF No. 79.) However, the Court takes this opportunity to remind Gayles-Zanders that filing excessive motions slows down the resolution of her Petition.

after Gayles-Zanders's 30-day proposed suspension period, the Court finds no basis upon which to suspend these proceedings. Gayles-Zanders may continue to rectify the filing of her exhibits in ECF No. 71 while awaiting Respondent's response.

Second, in her Motion to Recuse Judge, Gayles-Zanders argues that this Court "has abandoned or lost her ability to remain impartial to apply the law in her courtroom neutrally, fairly, and according to the standards set forth in existing federal established law" because of "her compromised position to honor the judicial affinity with the judges involved in the 'live controversy' that exist in [her] criminal proceedings with the state." (ECF No. 81.) Recusal of a judge is governed by 28 U.S.C. § 455. Under 28 U.S.C. § 455, recusal is appropriate, *inter alia*, when the judge's "impartiality might reasonably be questioned" and "[w]here ... [the judge] has a personal bias or prejudice concerning a party." *Id.* In the absence of a legitimate reason to recuse herself, a judge should participate in cases assigned. *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008). Gayles-Zanders fails to allege facts demonstrating that the undersigned is prejudiced or biased, so the Court denies the Motion to Recuse.

Third, in her Motion for Extension, Gayles-Zanders requests an extension of time to file a notice of appeal. (ECF No. 83.) However, because it is unclear what Gayles-Zanders is wanting to appeal, I denied the Motion without prejudice.

Finally, in her Motion for Temporary Restraining Order and Motion for Preliminary Injunction, Gayles-Zanders alleges that the warden, law library staff, and mailroom staff are obstructing her access to this Court. (ECF Nos. 86, 87.) These claims must be brought, if at all, under a separate case filed under 42 U.S.C. § 1983. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996) (holding that under the First and Fourteenth Amendments prisoners have a constitutional right of access to the courts).

It is therefore Ordered that the Emergency Amended Motions to Suspend or Extend Appeal Proceedings (ECF Nos. 80, 82) are denied.

It is further Ordered that the Motion to Recuse Judge (ECF No. 81) is denied.

It is further Ordered that Gayles-Zanders's Motion for Extension of Time (ECF No. 83) is denied without prejudice.

It is further Ordered that Respondent's Motion for Extension of Time (ECF No. 85) is granted. Respondent has up to and including November 17, 2026, to file his response to the Petition.

It is further Ordered that the Motion for Temporary Restraining Order and Motion for Preliminary Injunction (ECF Nos. 86, 87) are denied.

Dated: October 20, 2020

Gloria M. Navarro, Judge
United States District Court